## BENEFICIARIES REQUIRED TO PROVE KNOWLEDGE OF TERMS OF TRUST.

Circuit Court of Cuyahoga County.

BENJAMIN S. COGSWELL v. ELENOR H. SEYMOUR.

Decided, March 28, 1905.

*Trusts and Trustees—Cestui May Not Claim Trust Property Sold to Third Parties Without Notice of Terms of Trust.*

When one receives a deed to certain real estate "in trust," without any explanations in the deed itself as to terms and conditions of the trust, and later sells and conveys the property to a third person those who claim to have been the beneficiaries of the trust have no interest in the property in the absence of any evidence showing that the purchasers had knowledge of the terms of the trust or that the trustee failed to account for the proceeds.

*A. A. Stearns,* for plaintiff.
*Squire, Sanders & Dempsey,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

These two cases are separate appeals by different parties from the same judgment of the common pleas court.

A consideration of the case requires the investigation of a very involved title to certain real estate known as block YY in the Buffalo Company's purchases, so-called, formerly in Ohio City, but now in Cleveland.

An exhaustive and carefully prepared opinion was announced by the learned judge who first tried the case in the common pleas court, but as we reach the same results he did, it is unnecessary to do more than give our reasons why we think his conclusions are correct.

The defendant Seymour claims title to the whole of said block under a deed executed and delivered to one Richards pursuant to an order of the Common Pleas Court of Cuyahoga County issued in a proceeding for the foreclosure of a second mortgage upon said premises, to which certain first mortgagees of undivided interests therein were not made parties.

The report of said sale is that the land was sold to said Richards "in trust" and by virtue of the trust so created the plaintiff, Cogswell, claims an equitable interest in said land.

It appears that Richards, one Benjamin F. Tyler and some six others were plaintiffs in said foreclosure proceeding, said Tyler having been the owner of a one-ninth interest in said land before it was deeded to the mortgagee, Francis G. Macey, and of the purchase money mortgage given by the mortgagor and foreclosed in the proceeding mentioned, and was therefore entitled to a one-ninth interest in the proceeds of said mortgage. Evidence was introduced tending to establish the fact that when Richards bid in the property he was acting for the benefit of all the mortgagees, including Tyler, and by taking title to himself in trust, became trustee for Tyler for said one-ninth interest in the land. Said Tyler interest, by virtue of certain proceedings shown in evidence, finally became the property of the plaintiff. But the terms of the trust upon which Richards held title for the benefit of his co-mortgagee, were not disclosed by the evidence introduced at the trial. The most reasonable supposition as to said terms, and the one indulged in by counsel for all parties to the case, is that Richards took title to said land for the purpose of holding it until he could make an advantageous sale of the premises and then to account for the proceeds thereof to his co-mortgagees. He did sell the premises to Seymour's predecessor in title, but there is no evidence showing that he failed to account for the proceeds of his sale, or that the purchaser knew of the terms of the trust upon which he held title.

For the reasons stated by Judge Lawrence of the common pleas court it is apparent that plaintiff has failed to prove that he is entitled to an equitable interest in the premises.

Plaintiff's assertion of a legal interest in the land need not be considered at any length. We think that by virtue of said Benjamin F. Tyler being a party plaintiff to the foreclosure suit mentioned, all rights that he had in the land became merged in the decree rendered in said case and passed to the purchaser at the sale therein ordered.

The only claim of the defendant Russell entitled to consideration is that derived from a sale ordered in certain proceedings brought by one Charles M. Giddings for the foreclosure of a mortgage given him by one Pratt and John B. Macey on a two-twelfths undivided interest in said block YY and a large amount of other property. This mortgage was, prior to the Francis G. Macey mortgage on the whole of block YY, foreclosed as above mentioned, and after Giddings brought his suit certain partition proceedings having been had among the Giddings' mortgagors and Pratt's interest having passed to one Gilman Folsom, Jr., and the Frances G. Macey mortgage being in decree which ordered the sale of the whole of block YY, Giddings filed an amended bill, making Richards and all others in interest parties thereto and therein asked for the sale of the lots aparted and conveyed in severalty to said Gilman Folsom, Jr., and also the lots aparted and conveyed to said John B. Macey, together with the two-ninths interest in common belonging to said Folsom and John B. Macey in certain other lots not partitioned, showing that their original twelfths interest had become ninths, and the two-ninths interest of said Folsom and J. B. Macey in the Francis G. Macey mortgage and decree of block YY. It will be noticed that this amended bill did not ask for the sale of two-ninths undivided interest in block YY, but only of a two-ninths interest in the Francis G. Macey mortgage on the whole of said lot, and in the decree foreclosing said mortgage and the proceeds thereof. Doubtless Giddings anticipated that two-ninths of the proceeds of the sale of an undivided interest in said block would pay his claim. At any rate, he completely abandoned the prayer of his original bill, and by his amended bill clearly indicated that he desired to be subrogated from his claim on the two-ninths interest in the fee of block YY to said two-niths interest in the Francis G. Macey mortgage and decree. His notice to Richards and other parties brought into the suit by publication, also indicates this intention.

But the final decree rendered in this case is so indefinitely worded that it is not remarkable that many years afterward the defendant Russell sets up a claim that by the decree a sale was

ordered not only of said interest in the mortgage and decree, but also of the fee itself. It is a fact that the officer making the sale reported a sale of both and attempted to deed both to Russell's predecessor in title, but, after a careful study of this ambiguous order, a fair interpretation of the words of the decree themselves leads to the conclusion that the court intended to order a sale of the mortgage and decree and not a sale of the land itself.

In this conclusion we go farther than the court below, but every argument that court uses to show the invalidity of the decree, such as this decree is claimed to be by defendant Russell, leads alike to the conclusion, the language of the decree being doubtful, that the court ordering the sale of the mortgage and decree did not *intend* to order a sale of the land itself.

It may be added that by no interpretation of the pleadings could a case be made out authorizing the sale of both the mortgage and decree and the land itself, and if, in reading it, we are to leave out any words, surely we should not leave out words which are intelligible only by a reference to the amended bill and go back, for authority upon which to base the decree, to the original bill, the prayer of which was entirely abandoned when the new bill was filed and under which no substantial relief could ever have been granted, because of lack of parties defendant thereto.

Having arrived at this conclusion, it follows that defendant Russell derives no legal title to any interest in said land by virtue of said official deed made in the proceedings referred to.

Should we be wrong in this conclusion, we think any such claim is barred by the statutes of limitation. At the date of the official deed to Russell, 1847, Richards was in possession of all the premises under his deed. It can not be said that he ceased to hold adversely and thereafter held as a joint tenant with Russell. There is no evidence to that effect and the presumption is against his voluntarily letting into the possession with him a person who certainly claimed adversely to him to the extent of a two-ninths undivided interest in the land. The petition in this case was not filed until 1872 and Richards received his deed and apparently went into possession in 1884, some twenty-eight years before.

As to the equitable interest in this land claimed by defendant Russell, the facts are similar to such claim by plaintiff, and for like reasons we hold against it.    The petition of the plaintiff and the cross-petition of the defendant Russell are dismissed.